UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
FEB 27 2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LOUIS L. MONTGOMERY III; SUSAN M. MONTGOMERY; CLARENCE A. MONTGOMERY; ELIZABETH A. MONTGOMERY; LANCE L. MONTGOMERY; DANIELLE K. MONTGOMERY; ANDREW D. MONTGOMERY; PERCY I. MONTGOMERY; BECKY RED EARTH - VILLEDA; for themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　-vs-<br><br>THE FLANDREAU SANTEE SIOUX TRIBE, d/b/a FLANDREAU SANTEE SIOUX TRIBE, INC.; and/or ROYAL RIVER CASINO; THE FLANDREAU SANTEE SIOUX TRIBAL EXECUTIVE COMMITTEE and its previous elected PRESIDENT, THOMAS RAYMOND RANFRANZ; its previous APPOINTED PRESIDENT, LEONARD ELLERS; its APPOINTED PRESIDENT, MARK DOUGLAS ALLEN; the duly elected VICE PRESIDENT, LEON JAMES HOSS; the duly previously elected Secretary, CHARLENE BELL-KOKESH; the APPOINTED SECRETARY, DONALDA RAE MONTOYA; the APPOINTED TREASURER, LOREN WILLIAM BEANE; the duly elected TRUSTEE #1, PATRICA LYNN SCHMIDT; the previous APPOINTED TRUSTEE #2, JEAN PAUL ROY; the APPOINTED TRUSTEE #2, JASON DEAN TAYLOR; the duly elected TRUSTEE #3, GERRIE RAYMOND KILLS A HUNDRED; the duly elected | CIV 05-4123<br><br><br><br>MEMORANDUM OPINION AND ORDER RE: MOTION TO DISMISS, MOTION FOR SANCTIONS, and MOTION FOR ATTORNEY FEES |

| | |
|---|---|
| TRUSTEE # 4, RAYMOND JOHN REDWING; the APPOINTED TRIBAL ATTORNEY, ROLLAND SAMP; the ENROLLMENT and RECORDS CLERK, FANNIE ROSLAND ARMSTRONG ; the ENROLLMENT COMMITTEE MEMBERS, BEVERLY ANN WAKEMAN; ROXEE MICHELLE JOHNSON; LOREN WILLIAM BEANE; ELOISE NADINE DRAPEAU; and several other JOHN DOES (names) unknown, | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |
| Defendants. | *<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs, Louis L. Montgomery II; Susan M. Montgomery, Percy I. Montgomery, and Becky Red Earth Villeda, filed a pro se Complaint in this action on August 3, 2005. Doc. 1. On August 29, 2005, the above-named Plaintiffs filed their pro se Amended Complaint and had an amended summons issued to the above-named Defendants. Doc. 48, 49. This action challenges the denial of per capita payments from the Tribe's net gaming revenue to tribal members who live outside the boundaries of Moody County, and alleges misapplication of gaming revenue. Plaintiffs assert federal question jurisdiction under 28 U.S.C. § 1331. On August 29, 2005, the above-named Defendants served and filed their motions to dismiss, motion for sanctions, motion for Attorney fees, and separate Answer of Rollyn H. Samp, with supporting memoranda and affidavits. Doc. 50-60. A separate Answer of Rollyn H. Samp to the Amended Complaint was filed on September 20, 2005. Doc. 103. The remaining Defendants filed their Separate Joint Answer to the Amended Complaint on September 20, 2005. Doc. 105. The only response to the Motions filed by Defendants have been a notice of banishment, a letter from Plaintiff Becky Red Earth-Villeda inquiring about and condemning a possible banishment of her from the Reservation, a notice of legislative hearing regarding a temporary banishment order against Plaintiff Becky Red Earth-Villeda, and injunction documents from tribal court in an action by the Flandreau Santee Sioux Tribe against Rebecca Rederth and others. Doc. 100 - 102.

In the Answers to the Amended Complaint, the Defendants maintain that the Amended Complaint is improperly before the Court and is in violation of Federal Rule of Civil Procedure

2

15(a). Federal Rule of Civil Procedure 15(a) provides that a party may amend the party's pleading without leave of court and without written consent of the adverse party "at any time before a responsive pleading is served." In *Palmquist v. Conseco Med. Ins. Co.*, 128 F.Supp.2d 618, 622-23 (D.S.D. 2000), this Court held that the simultaneous service of an amended complaint and an answer to the original complaint would not prevent the plaintiff from amending her complaint as of right. This Court in *Palmquist* rejected the holding in *Donner v. Sulcus Computer Corp.*, 103 F.R.D.548, 549 (N.D.Ga. 1984), that an amended complaint is not effective until it is filed. This Court in *Palmquist*, however, held that the amended complaint was not properly amended as of right because it was never filed and violated the requirement in Federal Rule of Civil Procedure 5(d) that all papers be filed within a reasonable time after service. 128 F.Supp.2d at 623.

In this case, the Amended Complaint was filed with the Clerk on the same date that the Defendants served their motions to dismiss by mail. The Amended Complaint is thus properly before this Court. The Amended Complaint differs from the original in that it includes Plaintiffs whose names were scratched off the caption of the original complaint. The Amended Complaint also differs from the original in that the Jurisdiction portion of the Amended Complaint contains the allegation that Plaintiffs have exhausted their tribal remedies, and the Amended Complaint eliminates the cause of action under 42 U.S.C. § 1985, requests damages for pain and suffering and mental anguish and requests a determination by this Court that the Plaintiff and others similarly situated be declared to be enrolled members of the Flandreau Santee Sioux Tribe. Otherwise, there are only minor changes in the Amended Complaint from the original Complaint, and the filing of the Amended Complaint does not moot the motions filed by Defendants.

## DEFENDANTS' MOTIONS TO DISMISS

When considering a motion to dismiss this Court must construe the complaint liberally and assume all factual allegations to be true. *See Goss v. City of Little Rock*, 90 F.3d 306, 308 (8th Cir. 1996). The dismissal should be granted only if it appears beyond a reasonable doubt that the plaintiffs can prove no set of facts which would entitle them to relief. *See Goss*, 90 F.3d at 308; *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). "A motion to dismiss should be granted 'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Frey v. City of*

*Herculaneum*, 44 F.3d at 671 (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

The Defendants moved to dismiss the Complaint on the grounds that Plaintiffs have not stated a cause of action against Defendants, that this Court has no subject matter jurisdiction in this action, or in the alternative, that Defendants are clothed with sovereign immunity. Specifically, Defendants contend that Plaintiffs are improperly relitigating the 1995 case of *Montgomery v. Flandreau Santee Sioux Tribe*, 905 F.Supp. 740 (D.S.D. 1995).

The doctrine of res judicata bars a later suit if the following conditions are present: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies. *United States ex rel. Yankton Sioux Tribe v. Gambler's Supply, Inc.*, 925 F.Supp. 658, 663 (D.S.D. 1996)(*citing Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983)). The purpose of the doctrine of res judicata is that a " 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *United States ex rel. Yankton Sioux Tribe v. Gambler's Supply*, 925 F.Supp at 663 ( *quoting Allen v. McCurry*, 449 U.S. 90, 95 (1980)). The doctrines of res judicata and collateral estoppel '"relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Id.* (*citing Montana v. United States*, 440 U.S. 147, 153 (1979)). Res judicata applies to questions of jurisdiction, as well as to other issues. *See Oglala Sioux Tribe of the Pine Ridge Indian Reservation v. Homestake Mining Co.*, 722 F.2d 1407 (8th Cir. 1983).

Although there were additional Plaintiffs in the 1995 action, all of the Plaintiffs in the action at hand were Plaintiffs in the original action. While some of the defendants are not of the same name as those named in the 1995 action, they are operating in the same official capacity and their interests are nearly identical to those of the tribal officials named in the 1995 action. For purposes of res judicata, the parties in this action are in privity with the parties in the 1995 action. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-403 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue ... ."); *Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir. 1983) (For purposes of res judicata, mayor and four members of the City

Council are in privity with City and City Manager named in previous suit).

Alleged Violation of the Settlement Agreement in *Ross v. Flandreau Sioux Tribe*

Plaintiffs contend that Defendants have violated the Settlement Agreement reached in *Ross v. Flandreau Santee Sioux Tribe*, 809 F.Supp. 738 (D.S.D. 1992), by distributing funds to a minority of the tribal membership in the form of grant designations. The Settlement Agreement reached in *Ross v. Flandreau Santee Sioux Tribe*, of which this Court has taken judicial notice, provided that all members of the class certified by the district court in that action on December 1, 1992, would receive a lump sum payment from the fund held by the Federal District Court in that action. That fund was comprised of profits to which the Tribe was entitled from the Royal River Casino pending approval of a per capita payment plan by the Secretary of Interior. Approval of the payment plan by the Secretary of Interior was required by 25 U.S.C. § 2710(b)(3).

The Settlement Agreement in *Ross* also provided that the Tribe would enact and enforce an amendment to its Flandreau Santee Sioux Tribe Ordinance No. 93-501 which would require that nonresident tribal members receive 25% of the aggregate funds designated for per capita payments to tribal members, and that the Tribe would not in the future make any amendments to its Gaming Revenue Allocation Plan. The Settlement Agreement provides that "either party shall be able to seek the protection of the Federal District Court for a breach of this agreement, and to that limited extent, the Tribe hereby grants its explicit waiver of sovereign immunity."

In their 1995 action, Plaintiffs also alleged a violation of the *Ross* Settlement Agreement. A hearing was held on the motion to dismiss filed in that action, and in its decision on the motion this Court noted that Plaintiffs alleged in their Complaint that all of the plaintiffs resided within Moody County. The class that was certified in the *Ross* action was all enrolled members of the Flandreau Santee Sioux Tribe not residing within Moody County, South Dakota. This Court in the 1995 *Montgomery* action held that since the plaintiffs were not members of the class certified in *Ross* they could not rely on the Ross Settlement Agreement to establish federal jurisdiction, and this Court further held that the Plaintiffs lacked standing to assert a breach of the *Ross* Settlement Agreement. 905 F. Supp. at 744.

In the Amended Complaint in this action, Plaintiffs again allege that all of the plaintiffs

5

reside within Moody County. In addition, all of the Plaintiffs list their address as being Flandreau.[1] However, the Amended Complaint also refers to "members of the Tribe, including Plaintiffs, which reside outside the boundaries of Moody County." Doc. 48, p.11. The Court will construe the Amended Complaint liberally and assume that at least some of the Plaintiffs reside outside the boundaries of Moody County. This assumption, however, does not change the Court's determination on standing from that which was decided in the 1995 action.

The United States Supreme Court has long recognized that a consent decree is not enforceable directly or in collateral proceeding by those who are not parties to the consent decree even though they were intended to be benefitted by the consent decree. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975); *United States v. Armour & Co.*, 402 U.S. 673 (1971); *Buckeye Coal & Ry. Co. v. Hocking Valley Ry. Co.*, 269 U.S. 42 (1925). The Plaintiffs in this action were not parties to the *Ross* action. As such, they do not have standing to enforce the *Ross* Settlement Agreement.

Alleged Violation of Corporate Charter

In Count I of the Amended Complaint, Plaintiffs allege that the Tribe has waived its sovereign immunity by giving consent in its corporate charter to "sue and be sued." Plaintiffs further allege that defendants display favoritism in disbursing casino profits to a minority of tribal members in violation of a corporate charter provision directing that financial assets must be distributed equally among tribal members. This claim is identical to Count I of the 1995 complaint which was dismissed, and this claim is dismissed pursuant to the doctrine of res judicata.

Alleged Violations of the Indian Gaming Act

In Counts II and III of the Amended Complaint, Plaintiffs claim that defendants violated the Indian Gaming Regulatory Act (IGRA), specifically 25 U.S.C. § 2710, by making per capita payments from net gaming proceeds that are not equally divided among tribal members as contemplated by 25 C.F.R. § 111.1 (1995). In the 1995 action, this Court considered virtually

---

[1]The Court takes judicial notice that Flandreau is solely in Moody County, South Dakota. The Court also notes that seven of Plaintiff Becky Red Earth-Villeda's children were minor Plaintiffs at the time the 1995 action was decided. The Amended Complaint in this action alleges that all Plaintiffs but one are more than 21 years of age.

identical claims and determined that even assuming that Defendants violated § 2710 and that Plaintiffs had been harmed by the violation, that alone would not give rise to a private cause of action under the IGRA. 905 F.Supp. at 744 (*citing Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida*, 63 F.3d 1030, 1049 (11th Cir. 1995). This Court also noted that the Secretary of the Interior, through the Bureau of Indian Affairs had approved the amendments to the Tribe's Gaming Revenue Allocation Ordinance. Counts II and III are also dismissed pursuant to the doctrine of res judicata.

Alleged Violation of the Indian Civil Rights Act

In Count IV of the Amended Complaint Plaintiffs allege that the actions of the Defendants in making per capita payments from net gaming proceeds that are not equally divided among tribal members constitutes a violation of the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1301-03. In the 1995 action, however, this Court dismissed this cause of action after concluding that the ICRA does not expressly provide for private causes of action other than a writ of habeas corpus, and no private cause of action may be implied. 905 F.Supp. at 745 (*citing Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 64-65, (1978), and *Runs After v. United States*, 766 F.2d 347, 353 (8th Cir. 1985)). ICRA "actions seeking other sorts of relief for tribal deprivations must be resolved through tribal forums." *Runs After v. United States*, 766 F.2d at 353 (*quoting Goodface v. Grassrope*, 708 F.2d 335, 338 n.4 (8th Cir. 1983)). The doctrine of res judicata precludes relitigation of this claim.

Plaintiffs have filed a Notice of Banishment Action issued to Rebecca Rederth Villeda by the Tribal Prosecutor of the Flandreau Santee Sioux Tribe. Doc. 99. This Court has recognized exceptions to the requirement of exhaustion of tribal remedies which include the lack of adequate opportunity to challenge the tribal court's jurisdiction. *Abdo v. Fort Randall Casino*, 957 F.Supp. 1111, 1114n.2 (D.S.D. 1997); *See generally*, Deborah F. Buckman, Annotation, *Construction and Application of Federal Tribal Exhaustion Doctrine*, 186 A.L.R. Fed. 71 § IV (2006). Although there may be instances when banishment would preclude a plaintiff from exhausting his or her tribal remedies, the notice of banishment in this case was not issued until after Plaintiffs filed their initial complaint, it is not evident from the record that Rebecca Rederth Villeda was actually banished from the Reservation, and Plaintiffs assert in their Amended Complaint that they have exhausted their tribal remedies. Given this set of facts, Plaintiffs must attempt to resolve their dispute through tribal

forums.

Alleged Taking in Violation of U.S. Constitution and Tribal Constitution

In Count IV of the Amended Complaint, Plaintiff Becky Red Earth-Villeda also alleges that Defendants deducted monies from dividend payments and loan proceeds intended for her without lawful authority or consent. Plaintiff Becky Red Earth-Villeda contends that theses deductions constitute a "taking without just compensation, under the law, Constitution and Amendments of the United States and the Tribal Constitution and By-laws and Tribal Corporate Charter." Although this issue was not raised in the 1995 action, this issues also involves a tribal deprivation which must be resolved through the tribal forums. In paragraph 5 of Plaintiffs' Amended Complaint, Plaintiffs allege that they have exhausted tribal remedies. Although Defendants assert that tribal court and administrative remedies have not been exhausted (Doc. 103 and 105), this Court must assume the Plaintiff's allegation of exhaustion of tribal remedies as true in determining the motion to dismiss.

After all tribal remedies are exhausted, a federal district court has jurisdiction under 28 U.S.C. § 1331 to review a tribal court's finding of tribal jurisdiction.[2] Should a federal court decide that the tribal court properly exercised jurisdiction over a controversy, the federal court must give proper deference to the tribal court system. Such deference precludes relitigation of the issues raised and resolved in the tribal court system regarding tribal matters. *Davis v. Mille Lacs Band of Chippewa Indians*, 193 F.3d 990, 991-992 (8th Cir. 1999)(*citing Duncan Energy Co. v. Three Affiliated Tribes*, 27 F.3d 1294, 1300 (8th Cir. 1994)). Plaintiffs have not alleged that the tribal court system lacked jurisdiction to consider any of the issues raised in the Amended Complaint. This Court is precluded from relitigating the merits of the issue raised by Plaintiff Rebecca Red Earth-Villeda, and for this reason her claim will be dismissed.

Alleged Individual Liability of Defendants

Count IX of Plaintiffs' Amended Complaint which claims individual liability of Defendants is nearly identical to Count X of the 1995 Complaint, but substitutes the new individual Defendants for those who had served in the same or similar capacity in 1995. In the 1995 decision this Court

---

[2]Exhaustion of tribal remedies means, at a minimum, that the tribal appellate courts have had the opportunity to review the determinations of the lower tribal courts. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987).

concluded as follows:

> Any fiduciary duty tribal officials would owe to plaintiffs would arise from the Tribal Constitution, Tribal By-Laws, Corporate Charter, or tribal ordinances, including the Gaming Revenue Allocation Ordinance. Whether any fiduciary duty exists and the source of that duty is a matter for the Tribal Court to decide. Because plaintiffs point to sources of tribal law and not federal law, this Court does not have subject matter jurisdiction to consider a claim of breach of fiduciary duty. *See Burlington Northern R.R. Co.*, [*v. Blackfeet Tribe*, 924 F.2d 899, 901 (9th Cir. 1991)]. Plaintiffs must bring such a claim in Tribal Court.

905 F.Supp. 740 at 746. The doctrine of res judicata precludes relitigation of the claim set forth in Count IX of Plaintiffs' Amended Complaint.

Request for Attorney Fees Under 42 U.S.C. § 1988

In the 1995 action, Plaintiffs requested relief under 42 U.S.C. § 1985 and attorney fees under 42 U.S.C. § 1988. In the Amended Complaint in the case at hand Plaintiffs make no request for relief under 42 U.S.C. § 1985, but request attorney fees under 42 U.S.C. § 1988. In the 1995 case this Court gave the following reasons for dismissing the claims under 42 U.S.C. § 1985 and 42 U.S.C. § 1988:

> Section 1985(3) is a remedy statute that looks, in this case, to the Indian Civil Rights Act as the source of plaintiffs' entitlement to the rights and privileges of tribal membership. Because plaintiffs may not bring a private cause of action under the ICRA, they may not do so under § 1985(3). ... Because [the 1985 cause of action] fails, the plaintiffs have no basis to recover attorney's fees under § 1988 ... .

905 F.Supp. at 746. The doctrine of res judicata precludes relitigation of the claim for attorney fees.

John Doe Stakeholder Suit and Claims Against Other Unknown Defendants

In Counts VI and VII of the Amended Complaint, Plaintiffs allege that the Tribe has entered into agreements with unknown defendants to hold and/or invest funds belonging to members of the Tribe, and that unknown defendants have conspired with the named defendants in denying Tribal members who reside outside the boundaries of Moody County from receiving their fair share of gambling proceeds. These Counts are nearly identical to Counts VII and VIII of the 1995 Complaint. In the 1995 decision this Court determined that in light of the Court's decision to dismiss the

substantive Counts against the named defendants, it would dismiss the counts against the unnamed defendants. The Court rules the same in this action for the same reasons.

Conversion and Class Action Counts

The pendent Conversion Claim in Count VIII and The Class Action Claim in Count X of the Amended Complaint are nearly identical to the conversion and class action claims in the 1995 action. As in the 1995 action, these claims will be dismissed without prejudice.

## DEFENDANTS' MOTION FOR SANCTIONS

Defendants have moved the Court pursuant to Federal Rule of Civil Procedure 11[3] for an order assessing sanctions against Plaintiffs in this case on the basis that their complaint is frivolous, without foundation, vexatious, unreasonable and presented in bad faith. Doc. 50. This Court recently addressed as follows the principles involved in determining a request for sanctions under Rule 11:

> "Rule 11 makes sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). The central issue is "whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." *Id.* The test for whether Rule 11 is violated does not require a finding of subjective bad faith by the attorney or unrepresented party. *See N.A.A.C.P. Special Contribution Fund v. Atkins*, 908 F.2d 336, 339 (8th Cir. 1990)("In determining whether a violation of Rule

---

[3]. Rule 11 of the Federal Rules of Civil Procedure provides in part:
(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
(1) it is not being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specially so identified, are reasonable based on a lack of information, or belief.

> 11 has occurred, the district court must apply an 'objective reasonableness' standard.") A plaintiff's "subjective belief and *pro se* status . . . do not insulate him from the reach of Rule 11." *Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir. 1993). *See also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 544-55 (1991) (explaining that Rule 11 applies both to parties who are represented by counsel and to *pro se* parties as well). As some courts have stated, one can no longer avoid "the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994)(quoting *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir. 1987)).

*Beaner v. United States*, 361 F.Supp.2d 1063, 1068-1069 (D.S.D. 2005).

The Defendants rely on *Landscape Prop., Inc., v. Whisenhunt*, 127 F.3d 678 (8th Cir. 1997), a case in which the Eighth Circuit Court of Appeals upheld sanctions in an action that was barred under the doctrine of res judicata. *See also, Professional Mgmt. Assoc., Inc., v. KPMG LLP*, 345 F.3d 1030 (8th Cir. 2003)( Eighth Circuit finds abuse of discretion in declining to impose sanctions where complaint was barred by res judicata); *King v. Hoover Group, Inc.*, 958 F.2d 219 (8th Cir. 1992)(abuse of discretion to refuse to sanction employee and counsel when doctrine of res judicata barred relitigation of claim). None of these Eighth Circuit cases involved pro se plaintiffs. In addition, in the *Whisenhunt* case, the district court was convinced that the action was the pursuit of a personal vendetta as opposed to an exercise of poor judgment. 127 F.3d at 684.

Although pro se status does not excuse a plaintiff from the requirements of Rule 11, more tolerance is afforded pro se litigants. *See Guiden v. Southeastern Pub. Serv. Auth. of Virginia*, 760 F.Supp. 1171, 1174 (E.D. Va. 1991). Pro se status should be taken into account when determining whether a filing was reasonable. *See Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989)(*citing Haines v. Kerner*, 404 U.S. 519 (1972)(allegations of pro se complaint held to less stringent standards than pleadings drafted by lawyers)). This Court has reviewed many pro se pleadings. Although this Court does not know, this Court suspects that the Plaintiffs have had assistance from a person who is law trained. Since this is only a suspicion, it is not taken into account on whether or not to impose sanctions, nor is it taken into account on what sanctions to impose. Although this Court concludes that sanctions are appropriate for attempting to relitigate the 1995 action when nearly all the issues in the 2005 complaint were precluded by the doctrine of res judicata, this Court believes that in this case the purpose of Rule 11 can be served by something less than a monetary

sanction. *See Boyd v. Barkley,* 1998 WL 94839 (N.D. Miss.)(not reported in F.Supp.). This Court will bar Plaintiffs from filing any further pro se pleadings with this Court regarding the disposition of the Flandreau Santee Sioux Tribe's gaming revenues without prior approval of this Court. This bar does not apply to Plaintiffs' right to appeal from this case.

### DEFENDANTS' MOTION FOR ATTORNEY'S FEES

Defendants have moved for attorney's fees pursuant to 42 U.S.C. § 1988. Defendants maintain that Plaintiffs have pled a civil rights action under 42 U.S.C. § 1985, and that since Plaintiffs improperly relitigated the 1995 case, Defendants are entitled to attorney's fees. As was previously stated, the Amended Complaint in this case makes no request for relief under 42 U.S.C. § 1985. Furthermore, an award of attorney's fees under 42 U.S.C. § 1988(b) is discretionary. Considering all aspects of the case, including the early stage at which the case has been terminated, the Court is declining to award attorney's fees to Defendants. Accordingly

IT IS HEREBY ORDERED:

(1) That Defendants' Motion to Dismiss (Doc. 52) is granted, and Plaintiffs' Amended Complaint is dismissed without prejudice;

(2) That Defendants' Joint Motion For Sanctions (Doc. 50) is granted to the extent that Plaintiffs are barred from filing any further pro se pleadings with this Court regarding the disposition of the Flandreau Santee Sioux Tribe's gaming revenues without prior approval of this Court; and

(3) Defendants' Motion for Attorney's Fees (Doc. 54) is denied.

Dated this 27th day of February, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY _____
(SEAL)    DEPUTY